FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

10 AUG 31 PM 2:22

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| TEXTRON, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:10CV0366 |
| | ) |
| TRAVELERS CASUALTY AND | ) |
| SURETY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Textron, Inc. ("Textron"), for its complaint against defendant Travelers Casualty and Surety Company ("Travelers"), states as follows:

### Parties to Action

1. Textron is a Delaware corporation with its principal place of business in Providence, Rhode Island.

2. Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut, and was, at all relevant times, licensed to conduct insurance business in Indiana. Travelers is the legal successor to the obligations of Aetna Casualty and Surety Company ("Aetna"), under the policies paid for by Textron, as set forth in paragraph 13 below. Aetna was, at all relevant times, licensed to conduct insurance business in Indiana.

### Jurisdiction and Venue

3. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332(a)(1) in that Textron and Travelers are citizens of different states and the amount in controversy in this civil action exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because the events giving rise to the claims asserted herein occurred, and the property that is the subject of these claims is located, in this judicial district.

## The Lawsuits

5. On November 19, 2008, Textron received a Special Notice of Liability Letter from IDEM asserting claims against Textron under Indiana Code § 13-25-4 and § 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), and requiring Textron to incur environmental cleanup and response costs due to the contamination allegedly at and emanating from 4366 N. Old U.S. Highway 31, Rochester, Fulton County, Indiana (the "Site").

6. On January 13, 2009, Textron received a General Notice of Potential Liability letter from United States Environmental Protection Agency (the "EPA") similarly asserting claims against Textron under CERCLA, and requiring Textron to incur environmental cleanup and response costs due to the contamination allegedly at and emanating from the Site.

7. On March 3, 2010, the following lawsuits were filed against Textron in the Fulton Circuit Court, Indiana, due to the contamination allegedly at and emanating from the Site: *C.W. and E.W., by their next friends and legal guardians, Adele A. Wood and Jason A. Wood v. Textron, Inc.*, Cause No. 25C01-1003-CT-118 (the "Wood Suit"), and *Stephen Horban, Patricia Horban, and Z.H., L.H., B.H., and A.H., by their next friends and legal guardians, Stephen Horban and Patricia Horban v. Textron, Inc.*, Cause No. 25C01-1003-CT-119 (the "Horban Suit").

8. The Wood Suit and the Horban Suit allege bodily injury claims and personal injury claims against Textron. The Horban Suit also alleges property damage claims against Textron.

9. On March 11, 2010, the following lawsuits were filed against Textron in the Fulton Circuit Court, Indiana, due to the contamination allegedly at and emanating from the Site: *Lance Nelson, Michele Nelson, and C.N. and M.N., by their next friends and legal guardians, Lance Nelson and Michele Nelson v. Textron, Inc.*, Cause No. 25C01-1003-CT-142 (the "Nelson Suit"), and *Russell W. Miller v. Textron, Inc.*, Cause No. 25C01-1003-CT-141 (the "Miller Suit").

10. The Nelson Suit and the Miller Suit allege bodily injury claims and personal injury claims against Textron. The Nelson Suit also alleges property damage claims against Textron.

11. By letter dated March 19, 2010, Travelers was advised of settlement negotiations in the Horban Suit and was invited to participate therein. Travelers did not accept Textron's invitation to participate in the settlement negotiations leaving Textron liable to defend itself and pay for any settlement.

12. Textron settled the Horban Suit on May 28, 2010 (the "Horban Settlement").

### The Policies Issued to Textron by Travelers

13. Travelers sold commercial general liability insurance coverage to Textron effective January 1, 1986 through January 1, 1997.

14. The January 1, 1986 through January 1, 1997 Travelers policies (exclusive of the Travelers policy effective January 1, 1987 through January 1, 1988) (the "1986-1997 Travelers

Policies") insure Textron against loss in the event of bodily injury, personal injury, and property damage.

15. Under the terms of the 1986-1997 Travelers Policies, Travelers has a duty to defend Textron against any suit alleging bodily injury, personal injury, or property damage even if such suit is groundless, false, or fraudulent.

16. In each period covered by the 1986-1997 Travelers Policies there were one or more occurrences that triggered defense and indemnity coverage under the 1986-1997 Travelers Policies.

17. Textron provided notice to Travelers of the bodily injury claims, personal injury claims, and property damage claims asserted against it by IDEM and the EPA (the "Government Suits") and in the Horban Suit, the Wood Suit, the Nelson Suit, and the Miller Suit (collectively, the "Private Party Suits") and demanded defense and indemnity coverage under the 1986-1997 Travelers Policies.

18. Travelers has denied coverage for the property damage claims asserted against Textron in the Government Suits and has not defended or agreed to defend Textron in the Government Suits.

19. In correspondence dated February 25, 2009 (the "2009 Denial Letter"), Travelers denied coverage for the property damage claims asserted against Travelers in the Government Suits on the sole basis that the property damage claims constitute an Environmental Property Damage Claim under a Settlement Agreement between Textron and Travelers dated August 30, 1995 (the "Pre-1986 Policies Settlement").

20. The Pre-1986 Policies Settlement only applies to Travelers Policies effective from January 1, 1966 through January 1, 1986.

21.     Travelers' duty to defend and indemnify Textron under the 1986-1997 Travelers Policies is not precluded by the terms of the Pre-1986 Policies Settlement. Therefore, Travelers wrongfully denied coverage to Textron.

22.     Textron seeks coverage from Travelers under the 1986-1997 Travelers Policies.

23.     Because the 2009 Denial Letter identifies the Pre-1986 Policies Settlement as the sole basis for denial of coverage, Travelers is estopped from asserting any other defenses to, or reasons for denial of, Textron's claim for coverage under the 1986-1997 Travelers Policies with respect to the Government Suits.

24.     Travelers has not defended or agreed to defend Textron against the bodily injury claims, personal injury claims, or property damage claims asserted against Textron in the Private Party Suits, nor has Travelers agreed to indemnify Textron for any losses it incurs due to the Private Party Suits.

25.     Because it wrongfully failed to defend Textron, thereby prejudicing Textron and requiring it to resort to self-help, Travelers is estopped from contesting its duty to indemnify Textron with respect to, and is liable to Textron for all damages it incurred on account of, the Horban Settlement.

### Count I – Breach of Contract

26.     Textron incorporates by reference paragraphs 1 through 25 above as though fully set forth herein.

27.     The 1986-1997 Travelers Policies are valid and enforceable contracts.

28.     Textron timely notified Travelers of the claims asserted against it in the Government Suits and the Private Party Suits (collectively, the "Suits").

29. Textron complied with all conditions precedent under the 1986-1997 Travelers Policies for covered claims.

30. Under the 1986-1997 Travelers Policies, Travelers has a duty to defend and indemnify Textron from losses suffered as a result of the covered claims asserted against it in the Suits.

31. Travelers has breached its contracts of insurance by denying coverage or failing to defend or indemnify Textron against covered claims.

32. As a direct and proximate result of Travelers's breach of contract, Textron has suffered, and continues to suffer, damages. Travelers is liable to Textron for such damages.

## Count II – Declaratory Judgment

33. Textron incorporates by reference paragraphs 1 through 32 above as though fully set forth herein.

34. Travelers has a contractual obligation to defend and indemnify Textron under the 1986-1997 Travelers Policies for covered claims. The claims asserted in the Suits include covered claims and thus Travelers has a duty to defend and indemnify Textron for the claims brought against it in the Suits.

35. Travelers has breached its obligations by refusing or failing to defend and indemnify Textron against covered claims in the Suits.

36. Textron has been prejudiced and has suffered damages as a result of Travelers' breach including, but not limited to, the costs to settle the Horban Suit and the costs to defend itself against the claims asserted against it in the Suits.

37. Travelers is estopped from asserting or relying on any policy defenses or exclusions with respect to the Government Suits because it wrongfully denied coverage for property damage claims based solely on the Pre-1986 Policies Settlement.

38. Travelers is estopped from asserting or relying on any policy defenses or exclusions with respect to the Horban Settlement because it wrongfully failed to defend Textron, thereby prejudicing Textron and requiring it to resort to self-help. Travelers is liable to Textron for all damages it incurred on account of the Horban Settlement.

39. Because there is a dispute between Textron and Travelers regarding the interpretation of and their obligations under the 1986-1997 Travelers Policies, Textron is entitled to a declaratory judgment under Fed.R.Civ.P. 57 and 28 U.S.C. § 2201, stating that the 1986-1997 Travelers Policies obligate Travelers to defend and indemnify Textron with respect to all covered claims asserted in the Suits.

WHEREFORE, Textron respectfully requests that the Court enter judgment in its favor and against Travelers on this complaint and enter a declaratory judgment that: (1) Travelers is obligated under the 1986-1997 Travelers Policies to defend and indemnify Textron against all covered claims asserted in the Suits; (2) Travelers is estopped from asserting any defenses or exclusions with respect to the Government Suits and the Horban Settlement; and (3) awards Textron its damages, costs, attorneys' fees, prejudgment interest, and all other appropriate relief.

Respectfully submitted,

*[signature]*

Frank J. Deveau, Atty. No. 4692-49
Thomas F. O'Gara, Atty. No. 19678-49
David L. Guevara, Atty. No. 26388-49
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023
Telephone: (317) 713-3500
Email: fdeveau@taftlaw.com
togara@taftlaw.com
dguevara@taftlaw.com

*Counsel for Plaintiff Textron, Inc.*

1286956